UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:15-cv-00159-TDS-JLW

| | |
|---|---|
| JEFFREY RANDLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>ALAMANCE COUNTY SHERIFF TERRY S. JOHNSON, in his individual and official Capacities and JOHN DOE CORPORATION, in its capacity as Surety on the Official Bond of the Sheriff of Alamance County,<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANT JOHNSON'S MOTION TO DISMISS** |

**PREAMBLE**

**COME NOW** Defendant--Alamance County Sheriff Terry S. Johnson, in his official and individual capacities ("Sheriff Johnson")—and submits this Memorandum in support of his Motion to Dismiss the Complaint under Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF THE CASE**

Plaintiff filed suit on **February 18, 2015**. (D.E. #1). Sheriff Johnson, through Counsel, executed a Waiver of Service of Summons effective **March 5, 2015** (D.E. #5), making **May 4, 2015** the deadline for his responsive pleadings. Defendant "John Doe Corporation" is the alleged surety for the Sheriff and has not yet been named or served.

At all relevant times, Plaintiff was employed by Sheriff Johnson as a sworn Deputy Sheriff. (Complaint, D.E. #1 at ¶¶ 1, 14-15, 22-23). Plaintiff seeks declaratory relief and monetary damages for his alleged wrongful termination by the Sheriff on **December 1,**

**2014**. (*Id*. at ¶¶ 45-48; and Prayer for Relief at ¶¶1-2). Plaintiff does not seek reappointment or other prospective relief. (*Id*.). Plaintiff claims he was terminated by Sheriff Johnson because he (Plaintiff) gave testimony at certain Court proceedings and that this testimony was unfavorable to the Sheriff. (*Id*. at ¶¶ 25, 27, 30, 35, 37, 44 and 56). The Complaint contains three separate causes of action, to wit:

- a Federal law claim pursuant to Title 42 U.S.C. § 1983 for alleged violations of the First Amendment to the Unites States Constitution (*Id*. at ¶¶ 58-68); [1]
- a State law claim for wrongful discharge for alleged violations of North Carolina public policy (*Id*. at ¶¶ 69-75); and
- a State law claim for alleged wrongful discharge for alleged violations of Article I, Section 14 of the North Carolina State Constitution (*Id*. at ¶¶ 76-82).

**STATEMENT OF THE ALLEGATIONS IN THE COMPLAINT**

Plaintiff makes a number of factual allegations in his Complaint--the vast majority of which are strongly disputed by Sheriff Johnson. However, for purposes of this Motion pursuant to Rule 12(b)(6), these allegations will be taken as presented by Plaintiff. Defendant reserves the right to contest each and every allegation in the Complaint.

Plaintiff alleges he served as a sworn Deputy Sheriff with the Alamance County Sheriff's Office. (D.E. #1, ¶1). Plaintiff alleges that after every election, *"the Sheriff of Alamance County swears deputies back in to their offices."* (*Id*. at ¶11). Randleman

[1] Plaintiff does not seek redress under the Fifth or Fourteenth Amendments. (*Id.*)

alleges that Sheriff Johnson retained Plaintiff after his initial election in 2002). (*Id.* at ¶12). Presumably, Randleman was administered an oath of office and sworn in as Deputy Sheriff.

Further, Plaintiff alleges he left the Sheriff's employ in **2003**, returning in **2005**. (D.E. #1 at ¶¶13-14). Presumably, he was administered an oath of office as Deputy Sheriff upon his return to the ACSO. Plaintiff alleges he was retained after Sheriff Johnson's reelection in **2006**. (*Id.* at ¶15). Presumably, Randleman was administered an oath of office as Deputy. Plaintiff alleges he was retained after Sheriff Johnson's reelection in **2010**. (*Id.* at ¶23). Presumably, he was again administered an oath of office as a Deputy Sheriff. Thus, Plaintiff admits to having been administered an oath of office by Sheriff Johnson on at least four occasions. Plaintiff alleges that in **November 2014**, Sheriff Johnson was reelected to a new term and that *"[f]ollowing his 2014 reelection, Defendant Johnson decided not to re-swear [Plaintiff] in as a Deputy."* (D.E. #1, ¶45 46, 48, 50). Plaintiff states that this decision became effective on **December 1, 2014**. (*Id.* ¶48). [2]

[2] As Plaintiff acknowledges in ¶11 of his Complaint, Deputies are re-sworn by the High Sheriff into their positions each election cycle. The statutory basis for this process will be discussed in detail below. N.C. Gen. Stat. § 163-1 states that a newly-elected Sheriff takes office for a 4 year term commencing the first Monday in December. **December 1st**, was the first Monday in **December 2014**. This has important implications here because Plaintiff's tenure or appointment as a Deputy would have ended as a matter of law on **November 30, 2014** with the end of Sheriff Johnson's preceding term from **December 1, 2010** to **November 30, 2014**. As a result, Plaintiff was never terminated or "fired" by the Sheriff. Instead, he was not re-hired on **December 1, 2014**. As will be shown below, this is not a semantic difference but a significant legal distinction which undermines all three causes of action as each one hinges upon an alleged wrongful discharge from employment.

Plaintiff further alleges that he was not told why he was not being reappointed and was not provided a hearing. (*Id.*).[3]

## QUESTIONS PRESENTED

I. Does a Deputy Sheriff have a constitutional right to reappointment following the election of the High Sheriff?

II. Does a Deputy Sheriff have a constitutional right to the administration of the oath of office as Deputy Sheriff?

III. Does Plaintiff's identify a constitutional deprivation on which relief can be granted?

IV. Is Sheriff Johnson entitled to qualified immunity?

## I. Deputy Sheriffs have no Constitutional right to reappointment upon the conclusion of their term of appointment.

### A. The position of Deputy Sheriff is an appointive office.

The appointive character of a Deputy Sheriff's position is beyond question in North Carolina. *"The Sheriff may not delegate to another person the final responsibility for discharging his official duties, but he may appoint a Deputy or employ others to assist him in performing his official duties." N.C. Gen. Stat.* § 162-24. Other statutes make the point even clearer. *"Nothing in this Chapter [entitled North Carolina Sheriffs' Training and Standards Commission] shall be construed as modifying the character of a Sheriff from an elective office, or as modifying the character of the office of Deputy Sheriff from an appointive office"* N.C. Gen. Stat. § 17E-11(b).

[3] The Complaint does not contain any allegations that Sheriff Johnson took any actions to impede Plaintiff's ability to find subsequent employment. (*See generally* Complaint).

There can also be no question that a County Sheriff in North Carolina has the exclusive right to select his deputies, subject only to limits on nepotism. *"Each Sheriff … elected by the people has the exclusive right to hire, discharge, and supervise the employees in his office."* N.C. Gen. Stat. § 153A-103. Any person selected as a Deputy Sheriff serves at the pleasure of the appointing Sheriff. *"Each Sheriff … elected by the people is entitled to at least two deputies who shall be reasonably compensated by the county…. Each Deputy so appointed shall serve at the pleasure of the appointing officer."* Id.

**B. The term of the office of Deputy Sheriff is four years.**

The Office of Sheriff is established in the North Carolina Constitution. *"In each county a Sheriff shall be elected by the qualified voters thereof … and shall hold his office for a period of four years, subject to removal for cause as provided by law."* N.C. Const. Art. VII, Sec. 2. This constitutional provision has been codified as N.C. Gen. Stat. §162 -1, *"[i]n each county a Sheriff shall be elected by the qualified voters thereof…, and shall hold his office for four years."* It logically flows that the term of office for a Sheriff's Deputy cannot exceed the term of his appointing Sheriff. *"The Deputy Sheriff has been held by the Supreme Court of this State to hold an office of special trust and confidence, acting in the name of and with powers coterminous with his principal, the elected Sheriff."* N.C. Gen. Stat. § 17E-1 (emphasis added).

**C. The Constitution does not require that a person be reappointed to an office.**

There is no constitutional requirement that a person be reappointed to a position, once the term of their employment has ended. The United States Supreme Court has determined

that there can be no legitimate expectation of continued employment beyond an expressly time-limited appointment.

> Thus, the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year. They supported absolutely no possible claim of entitlement to re-employment. Nor, significantly, was there any state statute or University rule or policy that secured his interest in re-employment or that created any legitimate claim to it. In these circumstances, the respondent surely had an abstract concern in being rehired, but he did not have a property interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract of employment.

*Bd. of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, (U.S. 1972)

Here, while Plaintiff does not allege the existence of an employment contract, the length of his own employment was equally time-limited. As Plaintiff concedes, after every election the Sheriff reappoints his deputies for his new term of office. (D.E. #1, ¶11). Plaintiff does not allege the existence of any state law or county policy that would give him a legitimate claim to a guaranteed reappointment upon the expiration of his appointing Sheriff's elective term of office. Plaintiff identifies no constitutional right to employment beyond the term of his current appointment. Plaintiff alleges that he served his full term of employment and was not selected for a new appointment. (*Id.* ¶¶46, 48, 50). In sum, he has not alleged the existence of a constitutionally-protected property interest in his position.

N.C. Gen. Stat. § 163-1 states that a newly-elected Sheriff takes office for a 4 year term commencing the first Monday in December. In his Complaint, Plaintiff specifically alleges that on **December 1, 2014**, he met with the Chief Deputy and the Personnel Director and that he was informed he would not be re-sworn "back into office." (D.E. #1, ¶48).

**December 1st**, was the first Monday in **December 2014**. As such, Plaintiff's tenure or appointment as a Deputy ended as a matter of law on **November 30, 2014** with the end of Sheriff Johnson's preceding term from **December 1, 2010** to **November 30, 2014**. As a result, Plaintiff was never terminated or "fired" by the Sheriff on **December 1, 2014**. Instead, he was not re-hired on **December 1, 2014**.

## II. Deputy Sheriffs have no constitutional, statutory or common law right under State law to the administration of the oath of office as Deputy Sheriff.

### A. Oaths of office are to be administered with solemnity.

North Carolina law clearly establishes the principle that oaths of office are to be carefully considered and taken deliberately with the full knowledge of the importance of the act. While the language is archaic and unnecessarily florid, the oath statutes serve to underscore the importance of the act of swearing an oath of office. For instance:

> Whereas, lawful oaths for discovery of truth and establishing right are necessary and highly conducive to the important end of good government; and being most solemn appeals to Almighty God, as the omniscient witness of truth and the just and omnipotent avenger of falsehood, and whereas, lawful affirmations for the discovery of truth and establishing right are necessary and highly conducive to the important end of good government, therefore, such oaths and affirmations ought to be taken and administered with the utmost solemnity.

N.C. Gen. Stat. § 11-1 (2015).

> Judges and other persons who may be empowered to administer oaths, shall (except in the cases in this Chapter excepted) require the party to be sworn to lay his hand upon the Holy Scriptures, in token of his engagement to speak the truth and in further token that, if he should swerve from the

> truth, he may be justly deprived of all the blessings of that holy book and made liable to that vengeance which he has imprecated on his own head.

N.C. Gen. Stat. § 11-2 (2015).

> When the person to be sworn shall be conscientiously scrupulous of taking a book oath in manner aforesaid, he shall be excused from laying hands upon, or touching the Holy Gospel; and the oath required shall be administered in the following manner, namely: He shall stand with his right hand lifted up towards heaven, in token of his solemn appeal to the Supreme God, and also in token that if he should swerve from the truth he would draw down the vengeance of heaven upon his head, and shall introduce the intended oath with these words, namely:
>
> I, A.B., do appeal to God, as a witness of the truth and the avenger of falsehood, as I shall answer the same at the great day of judgment, when the secrets of all hearts shall be known (etc., as the words of the oath may be).

N.C. Gen. Stat. § 11-3 (2015).

The swearing of an oath of office is not a perfunctory act akin to the submission of a licensing form. It is the public acknowledgment of an individual's selection and special legal status as a person imbued with some portion of the sovereign power and entrusted with the faithful performance of an important legal duty. These oaths are to be administered with the utmost solemnity.

**B. Plaintiff does not allege the necessary qualification for the administration of the oath of office as Deputy Sheriff.**

North Carolina regulates Sheriff's Deputies through the North Carolina Sheriff's Training and Standards Commission. The rules applicable to this Commission are found

in Chapter 17E of the North Carolina General Statutes and apply to both law enforcement officers and detention officers. Collectively, law enforcement officers and detention officers are referred to as "justice officers."

> "Justice officer" means: A person who, through the special trust and confidence of the Sheriff, has taken the oath of office prescribed by Chapter 11 of the General Statutes as a peace officer in the office of the Sheriff. This term includes "Deputy Sheriffs", "reserve Deputy Sheriffs", and "special Deputy Sheriffs", but does not include clerical and support personnel not required to take an oath.

N.C. Gen. Stat. § 17E-2 (emphasis added).

The only requirement to be administered the oath of office as a Deputy Sheriff is to possess the "special trust and confidence" of the Sheriff. This solitary requirement is underscored later in Chapter 17E when, despite the regulatory scheme laid out to ensure proper training of those given law enforcement powers, the statutes provide:

> (a) Nothing in this Chapter shall be construed as a condition precedent to the taking of the oath of office or the exercise of the powers, duties or privileges of the offices of Sheriff or justice officer.
> (b) Any Sheriff or justice officer, who has taken the oath of office, or person who has received a special deputation for the purpose from the Sheriff, acts validly, and his arrests, executions, levies and sales are valid, without regard to whether he has complied with this Chapter or the rules or regulations adopted under this Chapter, unless he has been ordered to cease and desist from such actions by the court, or pursuant to G.S. 17E-9.

N.C. Gen. Stat. § 17E-8 (2015).

The regulatory scheme devised by the General Assembly of North Carolina is that a person with the special trust and confidence of the local elected Sheriff is administered the oath of office – and only then must that person meet the requirements of the North Carolina Sheriff's Training and Standards Commission. Certification as a law enforcement officer is a separate and independent requirement from the administration of the oath of office. Qualification for one is not the qualification for both.

Here, Plaintiff does not allege that he possesses the special trust and confidence of the Sheriff. He fails to allege the existence of a requirement for the appointive office which he seeks to hold. Given that these oaths of office are required to be administered with careful deliberation and solemnity, Plaintiff cannot rely on allegations that because he was once chosen for administration of the oath, he must always be chosen. Thus, Plaintiff does not allege that he is qualified to be administered the oath of office as Deputy Sheriff. Therefore, Plaintiff has not alleged the existence of a constitutionally protected property interest in his employment.

## III. <u>**Plaintiff's Complaint does not identify a constitutional deprivation upon which relief can be granted.**</u>

Accepting all allegations in the Complaint as true for the purposes of this Motion, the Plaintiff has still failed to allege a claim on which relief can be granted. "A plaintiff must prove three elements in order to succeed on a § 1983 claim: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." 42 U.S.C. § 1983. Plaintiff wholly fails to allege that he had a protected property interest in his employment under the Fifth or Fourteenth Amendments to the

United States Constitution. The sole claim on which he brings this action pursuant to Section 1983 is the First Amendment. (See D.E. #1 at ¶¶1, 2, 61 and 65). However, without the allegations of a deprivation of a right secured by the Constitution or a federal statute, the analysis does not reach any of the First Amendment allegations.

Even if Plaintiff had successfully alleged the existence of a property right, Plaintiff's own admissions reveal that he has not suffered any deprivation.

> **In *Royster*, this court held, in the context of a written employment contract, that "any constitutionally protected property interest [an employee] had as a result of his employment contract [was] satisfied by payment of the full compensation due under the contract." We likewise find it reasonable to conclude that, because Holland received all the pay and benefits to which he was entitled, he suffered no deprivation of property…**

*Holland v. Rimmer*, 25 F.3d 1251, 1257 (4th Cir. 1994) (*citing Royster v. Board of Trustees of Anderson City Sch.*, 774 F.2d 618, 621 (4th Cir. 1985))(internal citations omitted).

Here, by his own admission, Randleman served the full term to which he was appointed in **2010** and his term expired by the passage of time rather than any action by Sheriff Johnson. (D.E. #1 at ¶46). By his own admission, Sheriff Johnson did not select him for another term upon the Sheriff's reelection in **2014**. (*Id.*) Plaintiff received all the pay and benefits to which he was entitled. He does not allege that Sheriff Johnson impeded his ability to find other employment or otherwise deprived him of any other interest. Plaintiff has suffered no deprivation of any right secured by the Constitution or other federal statute and has not alleged a Section 1983 claim on which relief may be granted.

Further, Plaintiff's state law claims must fail because, as set forth above, he had no right to continued employment, was not discharged from his employment, and he has not established a right to continued employment after his term expired. Plaintiff has not pled a claim for wrongful termination precisely because he was not terminated.

A plaintiff cannot bring a claim directly under the North Carolina Constitution when an adequate remedy is available under State law. *Copper v. Denlinger*, 363 N.C. 784 (2010) ("To assert a direct constitutional claim against the Board for violation of his procedural due process rights, a plaintiff must allege that no adequate state remedy exists to provide relief for the injury.").

In the instant case, the Plaintiff alleged a ground for relief under state law. *"In order for a remedy to be adequate, a plaintiff must have at least the opportunity to enter the courthouse doors and present his claim and the possibility of relief under the circumstances."* *Wilkerson v. Duke University*, -- N.C. App. --, 748 S.E.2d 154, 159 (2013) (internal quotations omitted). In the instant case, Plaintiff has pled a waiver of sovereign immunity by purchase of the Sheriff's official bond. (D.E. #1 at ¶7). Upon that waiver, he has pled a common law claim for wrongful discharge in violation of public policy. As such, he has the opportunity to enter the courthouse doors to present state law tort claims and has the possibility of relief under the Sheriff's bond. The fact that Plaintiff cannot prevail on those claims, as explained above, does not mean that an adequate state remedy does not exist. Thus, he cannot assert a direct constitutional claim.

## IV. <u>Sheriff Johnson is Entitled to Qualified Immunity</u>

Should the Court find that Plaintiff has stated a Federal law claim that survives Rule 12(b)(6) scrutiny, then, and in that event, Sheriff Johnson submits that he is entitled to qualified immunity. The doctrine of qualified immunity protects government officials *"from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."* *<u>Harlow v. Fitzgerald</u>*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

In his Complaint (D.E. #1 at ¶64), Plaintiff alleges that the right not to be terminated from employment in retaliation for engaging in protected First Amendment speech was clearly established at the time of Sheriff Johnson's alleged action on **<u>December 1, 2014</u>**. To support this proposition, Plaintiff cites the fairly recent decision rendered by the United States Supreme Court on **<u>June 19, 2014</u>** in *<u>Lane v. Franks</u>*, --U.S. --, 134 S.Ct. 2369, 189 L.E.2d 312 (2014).

In *<u>Lane</u>*, the Plaintiff, who was employed by a community college as the director of an inner-city youth program, reported and testified about fraud committed by a State Representative in connection with the college's program. 134 S.Ct. at 2375. The Supreme Court held that Defendant Franks--the President of the community college who later fired the Plaintiff--was entitled to qualified immunity as the legal propriety of terminating an employee under such circumstances *"was not beyond debate"* at the time Franks fired the Plaintiff. *<u>Id</u>*. at 2383. Presumably, Plaintiff in the matter *sub judice*, contends that *<u>Lane</u>* ended that "debate" and placed public employers—in this case, Sheriff Johnson--on notice

that the Sheriff was violating a clearly-established right when he took his alleged action against the Plaintiff less than six months later on **December 1, 2014**.

*Lane* is, however distinguishable in that the Plaintiff in that case was, in fact, terminated from his current and existing position. 134 S.Ct. at 2376. Here, however, Plaintiff was not fired by Sheriff Johnson. Instead, Plaintiff was simply not re-appointed to his position as a Deputy with the Alamance County Sheriff's Office when Sheriff Johnson began his new elective term on **December 1, 2014**. While *Lane* may have placed public employers on notice that they could not terminate a current employee from engaging in Constitutionally-protected speech, it did not go so far as to hold that a public employer was legally obligated to re-hire, or re-appoint (or re-swear), a former employee who had exercised his First Amendment rights in a manner that the employer purportedly found disagreeable. With the expiration of Sheriff Johnson's preceding term of office on **November 30, 2014**, the Plaintiff became a "former employee". The holding in *Lane* did not mandate that Sheriff Johnson re-hire the Plaintiff during the Sheriff's succeeding term which commenced on **December 1, 2014**.

*Lane* is distinguishable in that important facet and absent any case law on all fours with facts of the instant matter, Sheriff Johnson could not have been on notice that he was violating a clearly-established right when he did not re-appoint the Plaintiff as a sworn Deputy to serve in the Sheriff's new administration commencing **December 1, 2014**. As such, the Sheriff is entitled to qualified immunity.

## CONCLUSION

Based upon the foregoing law and argument, Sheriff Johnson's Motion to Dismiss should be **GRANTED** and the Complaint dismissed **WITH PREJUDICE**.

This the 4th day of May, 2015.


/s/ J. D. Secor III

James D. Secor III (NCSB #17594)

*Attorney for Defendant Johnson*

**FRAZIER HILL & FURY, R.L.L.P.**

Post Office Drawer 1559

Greensboro, NC 27402-1559

Telephone: (336) 378-9411

Facsimile: (336) 274-7358

jsecor@frazierlawnc.com

/s/ Clyde B. Albright

Clyde B. Albright (NCSB #10778)

/s/ Benjamin C. Pierce

Benjamin C. Pierce (NCSB #39987)

*Attorneys for Defendant Johnson*

Alamance County Attorney's Office

124 West Elm Street, Graham, NC 27253

Telephone: (336) 570-4046

Facsimile: (336) 570-6788

clyde.albright@alamance-nc.com

ben.pierce@alamance-nc.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May, 2015, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT JOHNSON'S MOTION TO DISMISS** with the Clerk's Office of the United States District Court, Middle District of North Carolina, using the CM/ECF system, which will send notification of such filing to the following:

Narendra K. Ghosh, Esquire
Paul E. Smith, Esquire
nghosh@pathlaw.com
psmith@pathlaw.com
**PATTERSON HARKAVY, LLP**
*Attorneys for Plaintiff*

This the 4th day of May, 2015.

/s/ J. D. Secor III
James D. Secor III (NCSB #17594)
*Attorney for Defendant Johnson*